IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01946-MSK-MJW

RUTH M. BOBBETT,

Plaintiff,

v.

K-MART CORPORATION, a/k/a Sears Kmart, a/k/a Big Kmart and Super Kmart Center,
et al.,

Defendants.

---

**RECOMMENDATION REGARDING
PLAINTIFF'S MOTION TO AMEND COMPLAINT TO INCLUDE EXEMPLARY
DAMAGES (DOCKET NO. 14)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Amend Complaint to

Include Exemplary Damages (docket no. 14).  The court has reviewed the subject

motion (docket no. 14) and the responses thereto (docket nos. 21, 22, 25, and 26).  In

addition, the court has taken judicial notice of the court's file and has considered

applicable Federal Rules of Civil Procedure and case law.  The court now being fully

informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1.   That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2

2.   That venue is proper in the state and District of Colorado;

3.   That each party has been given a fair and adequate opportunity to
be heard;

4.   That Rule 15(a)(2) of the Federal Rules of Civil Procedure provides
that "[t]he court should freely give leave [to amend] when justice so
requires."  Fed. R. Civ. P. 15(a)(2).  "Refusing leave to amend is
generally only justified upon a showing of undue delay, undue
prejudice to the opposing party, bad faith or dilatory motive, failure
to cure deficiencies by amendments previously allowed, or futility of
amendment."  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.
1993) (citations omitted);

5.   That § 13-21-102(1.5)(a), C.R.S., provides, in pertinent part, that
"[a] claim for exemplary [punitive] damages in an action governed
by this section may be allowed by amendment to the pleadings only
after . . .   the plaintiff establishes prima facie proof of a triable issue.
. . ." § 13-21-102(1.5)(a), C.R.S.  See Stamp v. Vail Corp., 172
P.3d 437, 449 (Colo. 2007).  "The existence of a triable issue on
punitive damages may be established through discovery, by
evidentiary means, or by an offer of proof."  Leidholt v. District
Court in and for the County of Denver, 619 P.2d 768, 771 (Colo.
1980);

6.   That Plaintiff has failed to refer to specific evidence that would
demonstrate wilful and wanton conduct on behalf of the defendants.

Instead, Plaintiff relies primarily on allegations in her original and Amended Complaint as a basis to allow for punitive damages and on conclusory allegations in her original and Amended Complaint to establish a prima facie case for punitive damages.  Moreover, Plaintiff's wrongful discharge claim and bad faith claim as plead do not establish a prima facie case for punitive damages; and

7.     That Plaintiff has failed to meet her burden of proof under § 13-21-102 (1.5)(a), C.R.S., and <u>Stamp v. Vail Corp.</u>, 172 P. 3d 437, 449 (Colo. 2007).

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1.     That Plaintiff's Motion to Amend Complaint to Include Exemplary Damages (docket no. 14) be **DENIED**; and

2.     That each party pay their own attorney fees and costs for the subject motion (docket no. 14);

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,**

4

**Thomas v. Arn**, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 9th day of November 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE