IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01946-MSK-MJW

RUTH M. BOBBETT,

    Plaintiff,

v.

K-MART CORPORATION, a/k/a/ Sears Kmart, a/k/a Big Kmart and Super Kmart Center;
SEARS HOLDINGS CORPORATION a/k/a SHC and the Parent, Sears Holdings Corporation,
subsidiaries and affiliates;
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., a/k/a SEDGWICK CMS;
ACE AMERICAN INSURANCE COMPANY, a/k/a Ace Insurance and a/k/a Ace Insurance
Services; and JASON BOCK,

    Defendants.

---

## PROTECTIVE ORDER ( Docket No 47-2 )

---

Each Party, by and through its undersigned counsel of record, stipulates and moves the

Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as

grounds therefore, all parties have agreed as follows:

    1.    In this action, at least one of the Parties has sought and may seek to discover

Confidential Information. "Confidential Information" is defined in part, in paragraphs 6 and 7,

below.

    2.    The purpose of this Protective Order is to preclude disclosure of Confidential

Information to any person or entity not subject to this litigation as defined in this Protective

Order. The Parties also anticipate that some of the Confidential Information may, but not

EXHIBIT A

necessarily would, lead to questioning concerning Confidential Information in the course of depositions. The Parties assert that the disclosure of Confidential Information could result in significant injury to one or more of the Parties' business or privacy interests.

3.      The Parties have entered into this Stipulation and hereby request that the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein, and prohibiting the Parties from using or disclosing the Confidential Information for any purpose other than this litigation.

4.      The Parties agree that this agreement does not constitute a global waiver by any party as to whether any Confidential or Privileged Information is discoverable, but rather, is a mechanism by which Confidential Information that is disclosed is prevented from being used for any purpose outside this litigation by any Party.

5.      This Protective Order shall apply to all documents, files or portions of files, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

6.      "Confidential Information," includes, but is not limited to, any documents, records, files or portions of files, materials, electronically stored information, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraphs 9, 10, and/or 11 below as containing Confidential Information.

7.     "Confidential Information" includes, but is not limited to, information that is confidential and implicates common law and statutory privacy interests of the Plaintiff and the Defendants in this matter. *See, e.g,* COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel / employment file records); *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980); Colo. Rev. Stat. §§ 12-36.5-101 *et seq.*, 25-3-109 *et seq.* (Peer Review and Quality assurance rules). "Confidential Information" may include, but is not limited to (i) non-public information about a past, present or potential employee of Sears Holding Corporation, K-Mart Corporation, Sedgwick Claims Management Services and/or Ace American Insurance Company, including personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals; (ii) non-public proprietary, strategic or commercial information, policies, data or research, including, but not limited to, contracts or service agreements of Sears Holdings Corporation, K-Mart Corporation, Sedgwick Claims Management Services and/or Ace American Insurance Company or one or more of their subsidiaries; and (iii) non-public information about Ruth M. Bobbett's health, health care, employment, employment history, family, finances and personal data.

8.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

9.     Documents containing "Confidential Information," are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the

following or other appropriate notice: "CONFIDENTIAL." Designation or identification, or assertion of a document as Confidential or Privileged Information does not necessarily indicate that it is or is not discoverable.

10.     Responses to individual discovery requests are designated as Confidential by imprinting the word "CONFIDENTIAL" next to or above the specified response, or in another prominent and conspicuous manner with the response.

11.     Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Admissibility of the designated Confidential Information will be reserved for and addressed at trial.

12.     Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to the media or any other person or entity unless authorized to do so by the producing party or by Court order. Confidential Information shall not be used for any purpose except the preparation and trial of this case and shall not be communicated by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone, except for purposes of this case, and unless such person is directly associated with

4

prosecuting or defending this case or is a witness, deponent, expert or other individual involved in the prosecution or defense of this case who has executed the Written Acknowledgement depicted in Attachment A. These restrictions shall be strictly construed.

13. Confidential Information may be disclosed to the following, provided that these persons comply with the terms of this Protective Order:

    a.    attorneys actively working on this case and their support staff;

    b.    the Parties and designated representatives for the entity Defendants, and their respective employees, agents and representatives;

    c.    expert witnesses, disclosed treating physicians or healthcare providers, and consultants retained, or consultants and their staffs, in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    d.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    e.    deponents;

    f.    other persons authorized by written agreement of the Parties; and

    g.    a witness or consulting witness in this case

The Parties, their attorneys and support staff, stenographic reporters, the Court and the Court's staff shall not be required to complete a Written Acknowledgment as set forth in paragraph 14.

14. Each Party's counsel, prior to disclosure of Confidential Information, shall provide to the proposed recipient of the information a copy of the Protective Order and obtain a Written Acknowledgment, in the form depicted in Attachment "A" from the recipient that he/she

has reviewed and will abide by the terms of the Protective Order. The subject Party's counsel shall maintain a list of all persons to whom any Confidential Information is disclosed and retain the Written Acknowledgments.

15.     During the pendency of this action, opposing counsel may, upon Court order or agreement of the Parties, inspect the list and Written Acknowledgments maintained by counsel pursuant to paragraph 14 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court. To the extent such a challenge arises prior to the Parties' expert disclosures, the names of the experts to whom the documents were sent will not need to be disclosed, unless the Court Orders such disclosure, and then, the name will be disclosed to the Court only, *in camera*. The parties agree that this Stipulated Protective Order will not require the disclosure to opposing parties of consulting experts who are not yet expected to become testifying experts, unless such disclosure is ordered by the Court.

16.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including, but not limited to, for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

17.     A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer to determine whether the

restrictions imposed by this Order are warranted with respect to such disputed information. If resolution of the dispute cannot be reached, the Recipient may apply to the Court for an appropriate determination. In connection with such an application, the Producing Party shall bear the burden to show that the information is entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law. During the pendency of such dispute or application, and until the court may rule otherwise, the information designated Confidential Information shall remain subject to the designations and restrictions of this Order.

18.    In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2. This Order is not intended to preclude the use of Confidential Information in presentations to the Court, including marking Confidential Information as exhibits and displaying them to the Court and/or jury. The parties will adopt a practical method for facilitating the use of Confidential Information when appearing before the Court. The parties will reasonably cooperate to determine the need for continued non-disclosure and filing motions under seal as this matter progresses.

19.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order and the terms and requirements of this Protective Order shall survive the termination of this action.

20.    By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of any document produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object

thereto, shall be construed as a waiver of any claim or defense in this action.

21.    Upon the termination of this litigation, counsel shall be responsible for retrieving any and all copies which they have caused to be made of Confidential Information and either destroying such copies or returning such copies to the providing party. Counsel may retain a single set of Confidential records for a period of no more than three years from the conclusion of the litigation at which time the Confidential records shall either be returned or destroyed.

22.    Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

23.    Information that has been or is used or available prior to designation hereunder as "CONFIDENTIAL" may become Confidential Information notwithstanding prior use or availability in disclosures and discovery.  Such prior use, availability, or disclosure before information has become Confidential Information under this Stipulation, however, shall not be a basis for asserting and establishing a violation of this Order.  If documents or information that have been designated "Confidential" in this litigation are otherwise obtained by a party, counsel, witness or other person from a source outside this litigation, this Order will not preclude use of that information. Nothing in this provision shall, by itself, allow, create or imply a right to use of any Confidential Information covered by this Order for any purposes outside of this litigation.

24.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated: February 24th, 2010.

SO ORDERED BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**Attachment A**

**WRITTEN ACKNOWLEDGMENT**

Dear Counsel:

      1.      I have read the Stipulation and Protective Order in *Bobbett v. K-Mart Corporation et al.*, Civil Action No. 09-cv-01946-MSK-MJW.

      2.      I have been informed by _____, Esq., counsel for _____, that the materials you sent me are Confidential Information as defined in the Stipulation and Protective Order.

      3.      I have not and will not divulge, or undertake to divulge to any person or recording device, any Confidential Information shown or told to me except as authorized in the Stipulation and Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

_____

(Signature)

_____

(Print or Type Name)

Address:

_____

_____

_____

Telephone No.: (_____)_____

_____

(Date)

10