IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01946-MSK-MJW

RUTH M. BOBBETT,

    Plaintiff,

v.

K-MART CORPORATION, a/k/a Sears Kmart, a/k/a Big Kmart and Super Kmart Center;
SEARS HOLDINGS CORPORATION, a/k/a SHC;
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., a/k/a Sedgwick CMS;
ACE AMERICAN INSURANCE COMPANY, a/k/a Ace Insurance and a/k/a Ace Insurance Services; and
JASON BOCK,

    Defendants.

---

**ORDER DENYING MOTIONS WITHOUT PREJUDICE**

---

**THIS MATTER** comes before the Court *sua sponte*.

Ms. Bobbett commenced this action in the Colorado District Court for Adams County, alleging various claims arising out of a dispute with her employer and its worker's compensation carrier, among other things. On August 14, 2009, the Defendants removed (**# 1**) the action to this Court, citing the existence of federal question jurisdiction under 28 U.S.C. § 1331.

At the time the action was removed, the Defendants had filed, and Ms. Bobbett had responded to, three substantive motions (**# 29, 30 31**), including motions for summary judgment by Sears Holdings Corporation, K-Mart Corporation, and Mr. Bock, and a "Motion for Determination of Law" pursuant to C.R.C.P. 56(h) by Sedgwick Claims Management Services and Mr. Bock. For whatever reason, when the Defendants effected removal, these filings were

1

not included with the record filed before the Court. On October 23, 2009, the Magistrate Judge conducted a Scheduling Conference **(# 18)**, wherein the absence of the pending motions from the Court's docket was addressed. the Magistrate Judge directed that each party file a "Notice of Filing of State Court Pleadings," attaching the motion and response briefs that had been filed in state court. The Defendants filed their Notices **(# 27, 28)** and accompanying motion papers on October 27 and 28, 2009, and the Plaintiff filed her Notices **(# 36, 37, 38)** on November 13, 2009. In accordance with the Magistrate Judge's ruling, these motions were entered *nunc pro tunc* on the Court's electronic docket as having been filed on August 14, 2009, the same date as the Notice of Removal.

Although the Court appreciates the Magistrate Judge's effort to ensure that this Court's docket includes a complete state court record, the manner in which the motions pending at the time of removal appear on this Court's docket is impractical. Among other things, the substantive briefs themselves – Docket # 27, 28, 36, 27, 28 – do not correspond to the docket entries embodying the motions themselves – Docket # 29, 30, 31. Because of this unorthodox arrangement, the motions and responses do not link to one another as properly-filed motions do, nor is it possible for the Court to readily identify the individual substantive motions and responses on the docket, as each bear the same initial docket text of "Notice of Filing State Court Pleadings."[1] Moreover, because the motions were deemed filed *nunc pro tunc* to a date more than two months earlier than the Court was aware of them and capable of reviewing their contents, the current posture of the motions skews the Court's ability to monitor statistical

---

[1] Technically, Sears and K-Mart's filing bears the even more ambiguous docket text "Notice re: Scheduling Conference."

information, such as the duration they have been pending.

Moreover, the Court notes that none of the motions are properly presented. Although intending no criticism of the parties' abilities at prognostication, the Court notes that the two summary judgment motions filed before the state court do not comply with the particular format required of such motions by this Court. MSK Practice Standards, Civil § V.I.3. Compliance with that format assists the parties in precisely framing the issues in dispute and assists the Court in expeditiously resolving matter by ensuring that the parties briefing squarely addresses those issues. In addition, the Motion to Determine Law invokes a unique provision of Colorado civil procedure that finds no analogue in the Federal Rules. As such, the motion is not be cognizable by this Court in the form it is presented (although the issues contained therein may, if appropriate, be embodied in a motion that invokes the appropriate federal procedural mechanism).

For these reasons, the Court finds it appropriate to deny these motions without prejudice. The movants may, to the extent they deem it suitable, reassert these matters as newly-filed, standalone motions, invoking the appropriate federal rule and conforming to the Court's applicable Practice Standards. This will ensure that the motions are properly docketed and presented for expeditious consideration by the Court. Once filed, briefing on these motions shall proceed in accordance with the provisions of D.C. Colo. L. Civ. R. 7.1(C).

Accordingly, the motions at Docket # 29, 30, and 31 are **DENIED** without prejudice to refiling as set forth herein.

Dated this 29th day of March, 2010

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge